```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

DOROTHY MURRAY                                          CIVIL ACTION

V.                                                      NO. 16-14373

FIDELITY INVESTMENTS
INSTITUTIONAL OPERATIONS, CO., INC.                     SECTION "F"

                         ORDER AND REASONS

Before the Court is the defendant's motion to dismiss the plaintiff's complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), and alternatively a motion to strike plaintiff's claims for monetary, compensatory, punitive damages, and a trial by jury, pursuant to Rule 12(f). For the following reasons, the motion to dismiss is GRANTED, without prejudice.

                            **Background**

This lawsuit arises out of an Employee Retirement Income Security Act claim.

Dorothy Murray is involved in a community property distribution dispute with her former husband, Otis Murray, in Terrebone Parish. Ms. Murray believes that Fidelity Investments is the holder of several retirement accounts that belong to her ex-husband. As part of the community property partition, Ms. Murray sought full access to Mr. Murray's accounts at Fidelity to determine what portion, if any, is owed to her as a result of the divorce. Ms. Murray alleges that she has been unsuccessful in her attempts to gain full access to these retirement accounts. She

alleges that her ex-husband's retirement accounts with Fidelity have been "hidden and/or withheld in a manner which is contrary to the ERISA statute."

The plaintiff alleges that Fidelity's failure to grant full access to these retirement accounts has caused her money damages, loss of benefits, mental and emotional distress, and compensatory and punitive damages. Additionally, the plaintiff makes a jury demand.

Fidelity responds by moving the Court to dismiss the plaintiff's complaint, or alternatively, to strike the plaintiff's claims for monetary, compensatory, and punitive damages and to strike the plaintiff's jury demand. The defendant contends that the plaintiff failed to exhaust her administrative remedies and to state a claim for which relief can be granted because she brought suit against an improper party. Finally, the defendant alternatively moves to strike certain damages and jury requests because ERISA does not provide for such requests.

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser

Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Thus, in considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser, 677 F.2d at 1050. Indeed, the Court must first identify allegations that are conclusory and thus not entitled to the assumption of truth. Iqbal, 556 U.S. at 678-79. A corollary: legal conclusions "must be supported by factual allegations." Id. at 678. Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679.

3

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. at 678 (internal quotations omitted)(citing Twombly, 550 U.S. at 557).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" thus "requires more than labels and conclusions, and a formulaic recitation of the

4

elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings." That is, any documents attached to or incorporated in the plaintiff's complaint that are central to the plaintiff's claim for relief. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)). However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Collins, 225 F.3d at 498-99 (internal citations omitted).

II.

The Fifth Circuit "requires that claimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits." Bourgeois v. Pension Plan for Emps. Of Santa Fe Int'l Corps., 215 F.3d 475, 479 (5th Cir. 2000); see also Denton v. First Nat'l Bank of Waco, Tex., 765 F.2d 1295, 1300-01 (5th Cir. 1985) (explaining that ERISA benefits claimants are required "to exhaust their administrative remedies prior to seeking federal court review of a benefit denial . . . based . . . on legislative history of ERISA"). Nothing of record even remotely suggests that the

5

plaintiff has pursued administrative remedies.[1] To the contrary, the defendant submits evidence that the plaintiff requested, and Fidelity granted, access to the retirement accounts in question through the related state court proceedings in Terrebone Parish.

The plaintiff's brief complaint also does not allege facts that allow the Court to find that her claim even falls within an exception to the Fifth Circuit's exhaustion requirement. See Bourgeois, 215 F.3d at 479 ("[The Fifth Circuit] has recognized an exception to the affirmative defense of failure to exhaust administrative remedies when such attempts would be futile."). Where a claimant fails to pursue administrative review of an ERISA claim, the Fifth Circuit bars the claimant from pursuing the claim in federal court. See McGowan v. New Orleans Emp'rs Int'l Longshoremen's Ass'n, 583 F. App'x 495, 499 (5th Cir. 2013). The plaintiff quite simply fails to state a claim for which relief can be granted by this Court. See id.[2]

---

[1] In its motion to dismiss, Fidelity attaches the procedures associated with the BP Employee Savings Plan and the BP Retirement Accumulation Plan, both of which the plaintiff's ex-husband participated in. The two plans contain similar provisions explaining the procedures for filing a claim and for filing an appeal of an adverse benefit determination. The plans require that claimants first pursue claims through the plans' administrative processes. Here, the plaintiff attempts to be a claimant to these plans but has seemingly failed to comply with the plans' requirements.

[2] Although the plaintiff states that she "has exhausted her administrative remedies for any claim for benefits under a plan sponsored or administrated by Fidelity", she also states that the

IT IS ORDERED that the defendant's motion to dismiss is GRANTED. The case is dismissed without prejudice, to allow the plaintiff to pursue whatever administrative remedies are available.

New Orleans, Louisiana, February 22, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

defendant never gave her an option to pursue an administrative remedy.

7